IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER BURNS, on behalf of himself and those similarly situated,<br>619 Plum Street<br>Trenton, NJ 08638<br><br>        Plaintiff,<br><br>    v.<br><br>FLYTE TYME WORLDWIDE<br>81 Franklin Turnpike<br>Mahwah, NJ 07430<br><br>    and<br><br>JOHN DOES 1-10<br>c/o FLYTE TYME WORLDWIDE<br>81 Franklin Turnpike<br>Mahwah, NJ 07430<br><br>        Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br><br>No.<br><br>**JURY TRIAL DEMANDED** |

### **INDIVIDUAL AND COLLECTIVE ACTION CIVIL COMPLAINT**

Christopher Burns ("Named Plaintiff"), individually, and on behalf of himself and those similarly situated (hereinafter referred to as "Class Plaintiffs"), hereby complains as follows against Defendants Flyte Tyme Worldwide and John Does 1-10 (hereinafter collectively referred to as "Defendants").

### **INTRODUCTION**

1.  Named Plaintiff has initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Class Plaintiffs proper overtime compensation, and failed to implement a system to track the number of hours worked each workweek, in violation of the FLSA. As a result of the aforesaid unlawful actions, Named Plaintiff and Class Plaintiffs have suffered harm.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant Flyte Tyme Worldwide (hereinafter "Defendant Flyte") is an entity operating a limousine and black car service at an address as set forth above.

9. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Class Plaintiffs proper compensation pursuant to federal law.

10. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Class Plaintiffs.

11. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as drivers or in positions with similar duties subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Class Plaintiffs").

13. Named Plaintiff and Class Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

16. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

17. The foregoing paragraphs are incorporated herein as if set forth in full.

18. Named Plaintiff and Class Plaintiffs worked for Defendants as drivers.

19. Named Plaintiff's primary duty was providing prearranged passenger transportation.

20. Class Plaintiffs' primary duty was/is providing prearranged passenger transportation.

21. Plaintiff primarily drove sedans which transported less than 9 passengers including Named Plaintiff.

22. The sedans that Plaintiff drove weighed less than 10,000 pounds.

23. Class Plaintiffs primarily drove/drive sedans which transported/transport less than 9 passengers including Class Plaintiffs.

24. The sedans that Class Plaintiffs drove/drive weigh less than 10,000 pounds.

25. The sedans that Named Plaintiff drove did not contain a meter.

26. The sedans that Class Plaintiffs drove/drive did not contain a meter.

27. Defendant Flyte is not a licensed taxicab company.

28. Named Plaintiff never cruised for passengers.

29. Class Plaintiffs never cruise/cruised for passengers.

30. Named Plaintiff's fares were based on a flat rate as opposed to a meter rate.

31. Class Plaintiffs' fares are/were based on a flat rate as opposed to a meter rate.

32. Named Plaintiff regularly worked 72 or more hours per week.

33. Class Plaintiffs regularly worked/work 60 or more hours per week.

34. Defendants compensated/compensate Named Plaintiff and Class Plaintiffs by paying them a commission on the trip fares with no additional compensation provided for hours worked beyond 40 per workweek.

35. Named Plaintiff earned an approximate average of $550.00 per workweek.

36. Named Plaintiff earned an hourly rate of approximately $7.64 per hour.

37. Named Plaintiff routinely worked at least 32 hours of unpaid overtime per week.

38. Class Plaintiffs routinely worked/work at least 20 hours of unpaid overtime per week.

39. Named Plaintiff worked for Defendants from in or around January 2010 to on or about June 5, 2013.

40. At no time did Name Plaintiff hire or fire any employees of Defendants.

41. At no time did Class Plaintiffs hire or fire any employees of Defendants.

42. At no time did Name Plaintiff supervise any employees of Defendants.

43. At no time did Class Plaintiffs supervise any employees of Defendants.

44. At no time did Name Plaintiff exercise discretion or independent judgment over matters of significance on behalf of Defendants.

45. At no time did Class Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

46. Accordingly, Named Plaintiff and Class Plaintiffs were/are, within the meaning of the FLSA, non-exempt hourly employees of Defendants.

47. Defendants failed to pay Named Plaintiff and Class Plaintiffs at the rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a workweek.

48. Moreover, Defendants failed to implement a system to track the number of hours worked each workweek by Named Plaintiff and Class Plaintiffs.

49. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and Class Plaintiffs have suffered damage.

## COUNT I
## Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Compensation/ Failure to Track Hours)
### (Named Plaintiff and Class Plaintiffs v. Defendants)

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

52. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiff and Class Plaintiffs.

53. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

54. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

55. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff and Class Plaintiffs overtime compensation for hours worked over 40 per workweek, and failing to implement a system to track the number of hours worked each workweek by Named Plaintiff and Class Plaintiffs.

56. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was/is willful and was/is not based upon any reasonable interpretation of the law.

57. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of the FLSA;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3) Named Plaintiff and Class Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Named Plaintiff and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s Matthew D. Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: July 12, 2013

## **DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiff's employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.